**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-1736
_____

SHAILESHKUMAR MANSURALI MURANI; SUNITAKUMARI SAILESHKUMAR
MURANI; R.S.M.,

        Petitioners,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: November 20, 2013     Decided: December 5, 2013

_____

Before KING, AGEE, and FLOYD, Circuit Judges.

_____

Petition dismissed in part; denied in part by unpublished per
curiam opinion.

_____

Janeen Hicks Pierre, RAWLS, SCHEER, FOSTER & MINGO, PLLC,
Charlotte, North Carolina, for Petitioners. Stuart F. Delery,
Assistant Attorney General, Edward J. Duffy, Senior Litigation
Counsel, Charles S. Greene, III,, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaileshkumar Mansurali Murani ("Murani"), his wife, and minor child (collectively "Petitioners"), natives and citizens of India, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of Murani's requests for asylum and withholding of removal.

We first note that the agency denied Murani's request for asylum on the ground that he failed to file his asylum application within one year of his arrival in the United States, and failed to establish extraordinary circumstances to excuse the late filing of his application. 8 U.S.C. § 1158(a)(2)(B) (2012); 8 C.F.R. § 1208.4(a)(2) (2013). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and find that the Petitioners have failed to raise a constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of their asylum claims. Accordingly, we dismiss this portion of the petition for review.

The Petitioners also contend that the agency erred in denying Murani's request for withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3)

2

if the alien shows that it is more likely than not that [his] life or freedom would be threatened in the country of removal because of [his] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2012). An alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)), cert. denied, 133 S. Ct. 788 (2012). Based on our review of the record, we conclude that substantial evidence supports the finding that Murani failed to establish either past persecution or a clear probability of future persecution in India at the hands of his in-laws.

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART